NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3102

WILLIE M. RAWLS, JR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 6, 2006

_____

Before MICHEL, Chief Judge, GAJARSA and LINN, Circuit Judges.

PER CURIAM.

DECISION

Petitioner appeals from a decision of the Merit Systems Protection Board ("Board"), Docket No. AT-0752-02-0707-B-1, reversing the administrative judge's initial decision and sustaining an indefinite suspension imposed by the United States Postal Service ("USPS" or "agency").  Because the deficiency in the agency's notice of suspension was properly found to be harmless error, we affirm.

BACKGROUND

Willie M. Rawls, Jr. was a mail handler when he was arrested on July 26, 1999 and charged with attempted first degree murder in connection with a nightclub shooting. On August 11 and August 16, 1999, he was summoned to report to an Investigative Interview "to discuss [the] criminal charges." The Investigative Interview was conducted on August 18, 1999. On August 19, 1999, he was indefinitely suspended from USPS employment because there was "reasonable cause to believe that [he had] committed a crime for which a sentence of imprisonment can be imposed."

On December 14, 1999, Rawls was indicted for attempted first-degree murder. In March 2002, a jury convicted Rawls of the lesser-included offense of reckless endangerment; he was sentenced to the maximum penalty of a $1000 fine and a term of incarceration of 11 months and 29 days. On May 22, 2002, Rawls wrote USPS asking if he could participate in the work release program during the term of his incarceration. A follow-up Investigative Interview was scheduled for June 12, 2002, but Rawls refused to make a statement. On June 14, 2002, Rawls was notified that he would be removed, effective June 21, 2002.

On July 22, 2002, Rawls appealed his removal to the Board. Because his appeal appeared to concern his indefinite suspension in addition to his removal, two docket numbers were assigned. On September 6, 2002, Administrative Judge Lynn P. Yovino issued an initial decision reversing the indefinite suspension, holding that as a preference eligible employee, Rawls was entitled to (but not provided) minimum due

process, as guaranteed by 5 U.S.C. 7513(b). In a separate initial decision, the AJ reversed his removal on the same basis.[1]

On September 30, 2003, the Board consolidated and granted the agency's petitions for review and reversed both initial decisions of the AJ. With respect to the indefinite suspension, the Board observed that (1) while the agency had conceded that it did not issue a proposal notice before its decision notice, Rawls was provided a post-suspension grievance opportunity and (2) he had not demonstrated that the agency's failure to comply with 5 U.S.C. 7513(b) was harmful error. The case was remanded for further development of the record and adjudication on the merits.

On January 27, 2004, the AJ issued another initial decision reversing the indefinite suspension. She reasoned that the agency's notice had failed to set forth an ascertainable end to the suspension. Specifically, 5 C.F.R. 752.402(e) provides that an indefinite suspension "ends with the occurrence of the pending conditions set forth in the notice of action," but no such conditions were described in the August 19, 1999 notice. With respect to Rawls' affirmative defenses, however, the AJ found no evidence that the denial of his statutory rights to notice was harmful error or that he was a victim of race discrimination. The AJ also affirmed the removal by separate decision, but that is not part of this appeal.[2]

---

[1] Afterwards, a second removal proceeding was initiated by the agency. This time, appropriate notice was given and Rawls was again removed, effective December 16, 2002. This second removal was upheld. Rawls v. United States Postal Serv., 2003 MSPB LEXIS 1077, Docket No. AT-0752-03-0304-I-1 (May 2, 2003).

[2] Rawls challenged his removal in a prior appeal, but we rejected his due process arguments and affirmed the Board's decision. Rawls v. United States Postal Serv., 129 Fed. Appx. 628 (Fed. Cir. 2005).

On December 1, 2004, the Board reversed. <u>Rawls v. United States Postal Serv.</u>, 98 M.S.P.R. 98 (December 1, 2004). The Board agreed with the AJ that the agency notice "did not explicitly identify the condition subsequent that would terminate the suspension," but found that "the suspension clearly, albeit implicitly, *had* a condition subsequent since the suspension was based on a criminal charge which must be resolved, one way or another, through criminal proceedings." <u>Id.</u> at ¶ 8 (emphasis in original). It concluded that even if the failure to expressly define the condition subsequent was error, "it did not constitute harmful error warranting reversal of the indefinite suspension," since Rawls' letter of May 22, 2002 demonstrated that he clearly understood what the condition subsequent was. <u>Id.</u> at ¶ 12. Moreover, to the extent that Rawls was challenging the continuation of his indefinite suspension beyond his conviction in March 2002 until his removal in June 2002, the Board found that "the agency was not required to terminate the suspension and reinstate the appellant in order to initiate and effect his removal." <u>Id.</u> at ¶ 14.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. 1295(a)(9).

DISCUSSION

Our review of MSPB decisions is limited to determining whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. 7703(c).

Rawls first argues that the Board erred as a matter of law in sustaining the indefinite suspension because the agency admitted that its notice did not set forth what

conditions would end the suspension period, as contemplated by 5 C.F.R. 752.402(e).[3] He then asserts that the Board erred by engaging in a harmful error analysis, pursuant to 5 U.S.C. 7701(c)(2)(A).[4] We are not persuaded by either of these arguments.

We agree with the Board that "while the better practice is for agencies to identify the conditions subsequent explicitly in their decision notices imposing indefinite suspensions, the pertinent requirement for a valid indefinite suspension is that the suspension *have* a condition subsequent, rather than that the agency's decision notice *explicitly identify* the condition subsequent." Rawls, 98 M.S.P.R. 98, at ¶ 11 (emphasis in original). Rawls' indefinite suspension *had* an ascertainable end – i.e., the resolution of the pending criminal charges against him – and he clearly understood this. In fact, after his conviction, he wrote USPS asking if he could participate in the work release program while he was serving his time.

Moreover, the Board correctly found that the agency's failure to expressly state the condition subsequent in its notice was subject to the harmless error rule. See e.g., Johnson v. United States Postal Serv., 37 M.S.P.R. 388, 393 (July 19, 1988) (concluding that "the agency's delay in identifying the condition that will terminate the indefinite suspension does not constitute harmful error warranting reversal of the action"). Although Rawls does not challenge this factual finding on appeal, we also hold

---

[3]   This section provides in relevant part that an "indefinite suspension continues for an indeterminate period of time and ends with the occurrence of the pending conditions set forth in the notice of action which may include the completion of any subsequent administrative action."

[4]   This section provides that the agency's decision may not be sustained if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision."

that substantial evidence supports the Board's ultimate conclusion that the error was harmless. Indeed, even under de novo review, the harmless error finding stands.

In short, Rawls argues that the statutory notice requirement is absolute and any violation is per se harmful. We do not agree. The Supreme Court "has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless." Arizona v. Fulminante, 499 U.S. 279, 306 (U.S. 1991). It follows, a fortiori, that statutory and regulatory errors can be harmless, too.