# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHEILA BOWE-CONNOR,
          Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DC-0752-13-0668-I-1

DATE: January 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sheila Bowe-Connor, Laurel, Maryland, pro se.

Julie Rebecca Zimmer, Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant from her position as a Clinical Pharmacist based upon charges of causing a delay in patients receiving medications, conduct unbecoming, and disrespectful conduct. Initial Appeal File (IAF), Tab 6 at 12-17. The appellant appealed the removal, arguing that the charges were untimely, that the agency failed to properly investigate the charges, and that the agency failed to consider evidence disproving the charges. IAF, Tab 1 at 6. After holding a hearing, the administrative judge sustained the removal and found that the appellant did not establish her affirmative defense of harmful procedural error. IAF, Tab 19, Initial Decision (ID).

¶3 The appellant has petitioned for review, challenging the administrative judge's findings as to the charges, reiterating claims of a disparate penalty, disagreeing with the administrative judge's evidentiary determinations, alleging bias on the part of the administrative judge, and asserting harmful procedural error. Petition for Review (PFR) File, Tab 1 at 2, 7-14. She also submits evidence that she argues is new and material. *Id*. at 7, 16-28. Finally, the appellant appears to raise, for the first time on review, affirmative defenses of

reprisal based upon prior equal employment opportunity (EEO) activity and disability discrimination. *Id.* at 9, 13-14. The agency responds in opposition. PFR File, Tab 7. In reply, the appellant submits additional evidence that she argues is new and material. PFR File, Tab 8 at 5, 9.

¶4		As a preliminary matter, we have considered the evidence that the appellant submits for the first time on review and find that this evidence is not new and material. *See* 5 C.F.R. § 1201.115(d). The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 16 (2013). Regarding most of the evidence that the appellant submits, she has not shown that the evidence was unavailable despite her due diligence and we therefore do not consider this evidence. *See* PFR File, Tab 1 at 16-21. We also do not consider the appellant's evidence regarding a charge made by a fellow employee against one of the appellant's supervisors, PFR File, Tab 8 at 9, because evidence offered merely to impeach a witness's credibility is not generally considered new and material, *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 18 (2014). Lastly, concerning the submitted testimony from the appellant's EEO case, although the document itself may not have been available to the appellant until after the hearing, *see* PFR File, Tab 7, it merely reflects her past history of filing EEO cases and her supervisor's knowledge of this history. It does not contain any new evidence.[2]		*See* 5 C.F.R. § 1201.115(d) (to constitute new evidence, the

---

[2] The appellant alleges that the administrative judge denied her submission of evidence related to disparate treatment. PFR File, Tab 1 at 2-3. Although it is unclear from the Hearing Compact Disc (HCD) to what evidence the appellant refers, we find that any such denial is harmless error because the appellant has not stated how the evidence would have affected the merits of her case. *See Reeves v. U.S. Postal Service*, 117 M.S.P.R. 201, ¶ 12 (2012), *overruled on other grounds by Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 n.4 (2012) (in order to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed).

information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).

¶5 When taking an adverse action against an employee, an agency must establish that: (1) the charged conduct occurred; (2) a nexus exists between the conduct and the efficiency of the service; and (3) the particular penalty imposed is reasonable. *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 16 (2005) (citing 5 U.S.C. §§ 7701(c)(1)(B), 7513(a)). For a charge to be sustained, an agency must prove all of the elements of the charge by a preponderance of the evidence.[3] *Id.*, ¶ 17 (citing *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990)).

The administrative judge properly sustained the charges.

¶6 As to the charge of causing a delay in patients receiving medications, the administrative judge sustained the charge because she found that the appellant did not deny that her failure to answer the phones in the pharmacy delayed the dispensing of medications to patients in the surgical intensive care unit (SICU) (which was the only specification of the charge) and that the record is undisputed that the appellant caused the delay. ID at 3; *see* IAF, Tab 6 at 27. The administrative judge considered the appellant's explanations that the pharmacy was extremely busy, that the phones were ringing frequently, and that when the nursing supervisor observed a phone off the hook, it was because the appellant had been speaking to a customer. ID at 3; HCD 2; HCD 3. However, the record is undisputed that the SICU nurses had tried to call the pharmacy for several hours before the medications they needed were finally dispensed. ID at 3. We therefore agree with the administrative judge that the agency proved its first charge.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

¶7    We also sustain the charge of conduct unbecoming.[4]  To prove a charge of conduct unbecoming a federal employee, an agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label.  *Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 4 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).  In this case, the agency charged that the appellant responded to a call from another pharmacist regarding the urgent need for a medication which had been requested an hour earlier for an unstable critically ill patient in the SICU.  When the SICU pharmacist requested the medication "STAT," the appellant responded by saying that he should not be requesting orders "STAT" and continued to argue with him.  IAF, Tab 6 at 27-28.  The appellant does not dispute that this interchange occurred, but rather contends that, regardless, she timely filled the prescription.  PFR File, Tab 1 at 3.  However, the SICU pharmacist testified that, rather than continue to argue with the appellant over the phone, he had to leave the SICU, go to the pharmacy and prepare the medication himself, and bring it to the patient in the SICU.  The administrative judge found the SICU pharmacist's testimony more credible than the appellant's and sustained the charge of conduct unbecoming.  We find no error in the administrative judge's credibility determination and thus find that the agency proved the second charge.

¶8    We also sustain the charge of disrespectful conduct.  *See* IAF, Tab 6 at 28.  In sustaining the charge, the administrative judge considered that the appellant did not deny the charge in either her written reply to the proposed removal or her hearing testimony.  ID at 6; *see* IAF, Tab 6 at 23-24; *see also* HCD 3.  She also credited the testimony of the appellant's supervisors that the appellant engaged in the charged conduct.  ID at 6.  We see no reason to disturb the administrative judge's credibility determinations or her finding sustaining the charge.  *See*

---

[4]  Although the agency's proposal notice included four specifications of conduct unbecoming, IAF, Tab 6 at 27-28, the deciding official only sustained one specification of the charge, *id*. at 13.

*Haebe v. Department of Justice*, [288 F.3d 1288](), 1301-02 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses at the hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

There is a nexus between the charged conduct and the efficiency of the service.

¶9        The deciding official testified concerning the importance of patient safety and that the appellant's return to the pharmacy could cause delays in dispensing medications.  HCD 1.  We therefore find that a nexus has been established because the testimony supports the conclusion that the appellant's conduct interfered with the agency's mission.  *See Williams v. Department of Veterans Affairs*, [65 M.S.P.R. 612](), 614-15 (1994) (affirming the administrative judge's finding of nexus where the appellant's negligence in failing to properly install filters used for surgical instruments could have endangered patient safety and caused additional delay and cost to the agency), *aff'd*, 69 F.3d 554 (Fed. Cir. 1995) (Table).[5]

The administrative judge appropriately sustained the penalty of removal.

¶10       Where, as here, all of the agency's charges have been sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness.  *See Woebcke v. Department of Homeland Security*, [114 M.S.P.R. 100](), ¶ 7 (2010).[6]  The deciding

---

[5] To the extent that the administrative judge did not clearly address the nexus between the charged conduct and the efficiency of the service, we find that this error is harmless.  *See Bernal v. Department of the Air Force*, [21 M.S.P.R. 283](), 284 (1984) (finding that presiding official's failure to address nexus was not prejudicial error where the Board found that nexus was established by preponderant evidence).

[6] In *Douglas v. Veterans Administration*, [5 M.S.P.R. 280](), 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

official's testimony reflects that he considered all of the *Douglas* factors and checked off those factors on the *Douglas* factors worksheet that he found were most applicable to the appellant's case. HCD 1; *see* IAF, Tab 6 at 16. Additionally, the deciding official's testimony reflects that in considering several of the *Douglas* factors, he emphasized the necessity of the removal because of the appellant's past history of, and potential for interfering with, safely caring for patients. HCD 1. We therefore see no reason to disturb the administrative judge's finding that the removal penalty was warranted in this case.

¶11     The appellant argues that the administrative judge did not consider her evidence of disparate penalties. PFR File, Tab 1 at 2-3. In sustaining the removal, the administrative judge found that the appellant claimed that she was subjected to a disparate penalty but did not identify any "allegedly comparable employee who had not been disciplined as harshly for similar conduct." ID at 7. Contrary to the initial decision, however, the appellant did identify two alleged comparators who were suspended for 10 days for engaging in physical and verbal altercations. IAF, Tab 14 at 22-29. The appellant argued that, unlike these employees, she was not involved in a physical or verbal altercation. *Id*. at 5. She also testified that another pharmacist made inappropriate comments but was not disciplined. HCD 3. Because the administrative judge did not fully address the appellant's claim of disparate penalties, we MODIFY the initial decision to address this issue, nonetheless finding that the appellant has not met her burden concerning her disparate penalties claim. *See McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶¶ 10-11 (2014).

¶12     To establish disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010). An appellant does not demonstrate disparate penalties when an alleged comparator engaged in similar conduct regarding only some of the

charges for which she was disciplined. *Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 22 (2012). In this case, even though two of the comparators engaged in an altercation and the appellant alleges that another comparator made inappropriate comments, there is certainly no evidence that they engaged in conduct consistent with the charge of causing a delay in patient medications. We find that the appellant has not described any comparators with a history of similar misconduct as to all of the charges against her. These alleged comparators therefore do not demonstrate that the appellant was subjected to a disparate penalty. *Id.* Additionally, the appellant has not established a similarity between her history of discipline and that of the other employees. In particular, we note that the appellant has a history of previous discipline that includes suspensions for conduct involving altercations and violence. IAF, Tab 6 at 62-71. There is no evidence that the alleged comparators had such a history. The appellant has therefore not established that she was subjected to a disparate penalty. *See Lewis*, 113 M.S.P.R. 657, ¶ 15.

<u>The appellant has not established her affirmative defense of harmful procedural error through violation of the collective bargaining agreement.</u>

¶13     On review, the appellant alleges, as she did below, that the agency committed harmful procedural error by violating the collective bargaining agreement when it failed to provide her with supervisory notes and reports of contact until she received the proposed removal.[7] PFR File, Tab 1 at 13, Tab 8 at 5. Concerning the alleged violations of a collective bargaining agreement, the Board applies the harmful error standard. *LeBlanc v. Department of Transportation*, 60 M.S.P.R. 405, 417 (1994), *aff'd*, 53 F.3d 436 (Fed. Cir. 1995) (Table). In order to show harmful error, the appellant must prove that any procedural error was likely to have caused the agency to reach a conclusion

---

[7] On review, the appellant has not challenged the administrative judge's findings on her assertions below of harmful error due to timeliness of the charges or failure to investigate. *See* ID at 7-9. Regardless, we find that the record does not establish harmful error on these bases. *See LeBlanc*, 60 M.S.P.R. 405, 417.

different from the one it would have reached in the absence or cure of the error. *Rawls v. U.S. Postal Service*, 94 M.S.P.R. 614, ¶ 23 (2003), *aff'd*, 129 F. App'x 628 (Fed. Cir. 2005). Although the appellant vaguely asserted at the hearing that her ability to view these documents may have changed the result in this case, *see* HCD 3, we do not find that this failure by the agency caused it to reach a different conclusion than it otherwise would have. We therefore find that the appellant failed to establish harmful procedural error.

The Board does not consider the affirmative defenses of disability discrimination and reprisal to the extent that the appellant asserts these defenses.

¶14        On review, the appellant appears to raise affirmative defenses of disability discrimination and reprisal. PFR File, Tab 1 at 9-10, 13-14. In particular, she alleges that the agency has ignored her disability status and recommended accommodations. *See id.* at 9. The appellant also testified at the hearing that she is disabled. HCD 3. With respect to reprisal, the appellant testified that her supervisor stated that, if she filed any lawsuits, she would be sorry. *Id*. Here, the appellant, who was represented by a union steward (who is an attorney), raised the affirmative defense of harmful procedural error below. IAF, Tab 1 at 6, Tab 14 at 6-7, Tab 17 at 1. In two hearing orders, the appellant was notified that, absent good cause, she would be limited to the facts and issues (including affirmative defenses) identified in her prehearing submissions in presenting evidence at the hearing. IAF, Tabs 4, 10. The appellant, however, did not raise the affirmative defenses of disability discrimination or reprisal. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not offered such evidence and instead attempts to reframe prior allegations as retaliation and disability discrimination. Therefore, to the extent that the appellant again raises these as affirmative defenses, we do not consider them.

The appellant has not shown bias.

¶15    The appellant alleges that the administrative judge showed bias against her. PFR File, Tab 1 at 11. In making a claim of bias or prejudice, the appellant must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 13 (2013). Specifically, an administrative judge's honest appraisal of the appellant's case does not constitute bias. *Galloway v. Department of Agriculture*, 110 M.S.P.R. 311, ¶ 13 (2008). In addition to alleging bias on the basis of the administrative judge's factual determinations, the appellant states that the administrative judge commented off the record that the appellant should apply for disability retirement. PFR File, Tab 1 at 11. The appellant also makes a vague allegation of bias based upon her religious background. PFR File, Tab 8 at 6. We find that the appellant's allegations do not meet the legal standard for establishing that the administrative judge was biased against her or her case.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.