NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3010

SANDRA D. ROBINSON,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

---

DECIDED: April 7, 2005

---

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Sandra D. Robinson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of the Treasury ("agency") suspending her for thirty days from her position as a Contact Representative GS-0962-8 in the Internal Revenue Service's downtown Houston, Texas office. Robinson v. Dep't of the Treasury, No. DA-0752-03-0307-I-1 (M.S.P.B. Aug. 5, 2004) ("Final Decision"). We affirm.

DISCUSSION

I.

The agency suspended Ms. Robinson from her position based on two charges: (1) being absent without official leave ("AWOL") on October 4, 2001, October 5, 2001, October 9, 2001, and November 30, 2001; and (2) failing to respond to the direction of her manager. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision sustaining the suspension. Robinson v. Dep't of the Treasury, No. DA-0752-03-0307-I-1 (M.S.P.B. July 22, 2003) ("Initial Decision"). The Initial Decision became the final decision of the Board on August 5, 2004, after the Board denied Ms. Robinson's petition for review for failure to meet the criteria set forth in 5 C.F.R. § 1201.115(d). However, the Board reopened the case on its own motion under 5 C.F.R. § 1201.118, but sustained the agency's thirty-day suspension action. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Ms. Robinson argues on appeal that the Board failed to correctly interpret a provision of the labor agreement between the National Treasury Employees Union and

the agency.[1]  Ms. Robinson also argues that the agency committed harmful error by violating a provision in its Time and Attendance Handbook relating to Leave Without Pay ("LWOP").[2]  The difficulty we have with these arguments is that Ms. Robinson fails to specify what the Board's error was with respect to these two provisions.  The arguments may be similar to the arguments concerning the provisions raised in Ms. Robinson's appeal of her removal from her position as Contact Representative.  Robinson v. Dep't of the Treasury, No. 05-3009 (Fed. Cir. April 7, 2005).  We have today affirmed the decision of the Board sustaining the removal action.  In so doing, we found no error in the Board's ruling.  Id.  Likewise, we find no error in the Board's decision in this case as far as the two provisions are concerned.

Ms. Robinson's final argument on appeal is that the agency committed harmful procedural error by failing to mail her a copy of the notice of proposed suspension while she was away from work, and thus, that she was unable to respond to the allegations

---

[1]     The provision at issue is Section 3(c)(2) of Article 34 of the agreement.  It provides as follows:

> If reasonable grounds continue to exist for questioning an employee's use of sick leave, the Employer may request that the employee provide a doctor's certificate from the employee's physician.  This certification will indicate that the employee is under the care of physician [sic], is incapacitated for duty, and the expected duration of such incapacitation.  If specific medical information such as diagnosis and prognosis is requested as part of such explanation, the employee may choose to provide this information to the Employer representatives who are medically certified.

[2]     The provision states that employees do not have the right to be granted LWOP.  However, it carves out an exception to that rule for employees who are receiving benefits under the program administered by the Department of Labor's Office of Workers' Compensation Programs.

set forth in the notice. Ms. Robinson did not receive the agency's notice of proposed suspension, and did not receive the agency's April 1, 2002 suspension decision, until April 4, 2002, two days prior to the April 6, 2002 effective date of the suspension.

The Board noted that the agency did not prove that it had complied with the procedural requirements of 5 U.S.C. § 7513(b)[3]. The Board, however, found that Ms. Robinson had "the full opportunity to present evidence and argument regarding the agency's charges and her defenses that she asserts she was unable to present to the deciding official prior to his issuance of the suspension decision because the agency had failed to provide her with a copy of the proposed suspension." The Board determined that Ms. Robinson failed to present any evidence that the agency's procedural error likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. See Smith v. United States Postal Service, 789 F.2d 1540, 1545 (Fed. Cir. 1986) ("[T]hough an agency commits a procedural error, reversal by the board is unwarranted unless that error casts sufficient doubt on the reliability of the agency's factfinding or decision." (citation omitted)). On appeal, Ms. Robinson has not attempted to demonstrate how the agency's procedural error likely caused the agency to reach a contrary conclusion from the one it would have reached in the absence of the error.

---

[3] Under 5 U.S.C. § 7513(b), "[a]n employee against whom an action is proposed is entitled to – (1) at least 30 days' advance written notice . . . stating the specific reasons for the proposed action; (2) a reasonable time, but not less than 7 days, to answer orally and in writing . . ; (3) be represented by an attorney or other representative; and (4) a written decision and the specific reasons therefore . . . ."

For the foregoing reasons, the final decision of the Board sustaining Ms. Robinson's suspension is affirmed.

No costs.