# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY PREWITT,
     Appellant,

     v.

DEPARTMENT OF THE NAVY,
     Agency.

DOCKET NUMBER
DC-0752-16-0598-I-1

DATE: April 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ryan C. Nerney, Esquire, Encinitas, California, for the appellant.

Daniel Patrick Doyle, Quantico, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained the agency's indefinite suspension action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant serves as a Criminal Investigator with the agency's Naval Criminal Investigative Service (NCIS). Initial Appeal File (IAF), Tab 8 at 15. The appellant's position requires him to maintain a Top Secret security clearance with access to Sensitive Compartmented Information. *Id.* at 24-28. On September 29, 2014, the agency's Office of Inspector General (OIG) initiated an investigation into allegations that the appellant violated NCIS policy or engaged in other misconduct, including using illegal drugs, possessing contraband images, and committing security violations. IAF, Tab 17 at 7. The OIG investigation resulted in the issuance of a February 9, 2015 interim Report of Investigation (ROI) detailing the investigation; a final ROI was issued on December 1, 2015. IAF, Tab 17 at 5-13, Tab 18 at 42-43.[3] On August 19, 2015, the agency proposed to suspend the appellant for 45 days based on misconduct described in the interim ROI. IAF, Tab 16 at 38-42. The appellant provided an oral and written reply to

---

[3] A few pages of the final ROI appear to be omitted from the ROI in the record. IAF, Tabs 17, 18.

the proposed suspension, and on November 20, 2015, the deciding official for this suspension action issued a decision that mitigated the penalty to a 14-day suspension. IAF, Tab 19 at 33-40.

¶3      In a January 20, 2016 memorandum, the agency notified the appellant that it had suspended his access to classified information, based on agency regulation SECNAV M-5510.30 and the ROI, pending a favorable or unfavorable security determination by the Department of Defense Consolidated Adjudications Facility, Navy Division. IAF, Tab 8 at 22. In a February 4, 2016 notice, the agency proposed the appellant's indefinite suspension based on the suspension of his access to classified information, pending a final adjudication of his security clearance. *Id.* at 20-21. On February 23, 2016, the appellant submitted a written reply to the notice of proposed indefinite suspension, and on April 12, 2016, he provided an oral reply. *Id.* at 17, 29-55. On April 20, 2016, the agency issued a decision indefinitely suspending the appellant, effective on April 23, 2016. *Id.* at 17-19.

¶4      The appellant timely filed an appeal to the Board in which he argued that the suspension did not promote the efficiency of the service and that the penalty was excessive, and he asserted affirmative defenses of age discrimination, harmful procedural error, retaliation for participation in protected activity, due process defects, res judicata, collateral estoppel, and laches. IAF, Tab 1 at 1, 8-28. Prior to the hearing held in this matter, the administrative judge ruled that the appellant's age and disability discrimination claims were "inextricably intertwined" with the merits of the agency's security access determination and could not be adjudicated in the instant proceeding. IAF, Tab 29 at 4. The administrative judge also ruled that, to the extent the appellant was arguing that the notice proposing the indefinite suspension was defective because it did not inform him of any misconduct and that his access to classified information was suspended in retaliation for filing a grievance, those issues pertained to the agency's decision to suspend the appellant's access to classified information and

would not be adjudicated in the instant proceeding. *Id.* at 5-6. Finally, the administrative judge ruled that the 14-day suspension action the agency took in 2015 was based on separate issues and causes of action from the instant proceeding; thus, res judicata and collateral estoppel did not apply to the instant proceeding, nor was the appellant subject to double or excessive punishment. *Id.* at 6-7. The administrative judge also notified the appellant of the elements of his burden to prove harmful procedural error. *Id.* at 4-5.

¶5        Following a hearing, the administrative judge issued an initial decision sustaining the agency's indefinite suspension action. IAF, Tab 31, Initial Decision (ID). Specifically, the administrative judge found that the agency proved that the appellant's position required access to classified information as a condition of employment, the appellant's access to classified information was suspended, and the appellant was afforded the minimum due process required under 5 U.S.C. § 7513. ID at 2-5. The administrative judge also found that the appellant did not show that the agency committed harmful procedural error; accordingly, he sustained the indefinite suspension. ID at 5-10.

¶6        The appellant has timely filed a petition for review in which he argues that (1) the administrative judge erred in finding that the appellant was afforded minimum due process under 5 U.S.C. § 7513, (2) the administrative judge erred in interpreting agency regulation SECNAV 5510.30 and finding that the agency did not violate this regulation or commit harmful procedural error regarding this regulation, and (3) the administrative judge erred in finding agency witnesses credible. Petition for Review (PFR) File, Tab 1, Tab 4 at 6. The agency has filed a response opposing the petition, and the appellant has filed a reply. PFR File, Tabs 3, 4. As set forth below, we find the appellant's arguments to be without merit.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015). An agency may indefinitely suspend an employee when his access to classified information has been suspended and he needs such access to perform his job. *Rogers*, 122 M.S.P.R. 671, ¶ 5. In such a case, the Board lacks the authority to review the merits of the decision to suspend an employee's access to classified information. *Id.*; *see Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988) (holding that review of the merits of a security clearance determination is not within the Board's jurisdiction). Rather, the Board retains the authority to review whether (1) the employee's position required access to classified information, (2) the employee's access to classified information was suspended, and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. *Rogers*, 122 M.S.P.R. 671, ¶ 5 (citing *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000)). In addition, the Board has the authority to review whether the agency provided the procedural protections required under its own regulations. 5 U.S.C. § 7701(c)(2)(A); *Rogers*, 122 M.S.P.R. 671, ¶ 7; *see Romero v. Department of Defense*, 527 F.3d 1324, 1329-30 (Fed. Cir. 2008). Finally, because a tenured Federal employee has a property interest in continued employment, the Board also has the authority to determine whether the agency provided the employee with minimum due process in taking the indefinite suspension action. *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 13-15 (2014) (reaffirming the Board's authority to determine whether an agency afforded an appellant due process in taking an adverse action based on a security clearance determination).

¶8 On review, the appellant does not challenge the administrative judge's findings that his position required access to classified information and that his access was suspended. ID at 2-4. We affirm the administrative judge's findings

that the agency proved the elements of its charge and address the appellant's allegations that the agency denied him due process and committed harmful procedural error and that the administrative judge erred in his credibility findings.

<u>The appellant has not established that the agency did not afford him minimum due process.</u>

¶9        On review, the appellant argues that he was not afforded minimum due process under 5 U.S.C. § 7513 because (1) the notice of proposed indefinite suspension did not contain sufficient notice and an explanation of the charges against him, (2) he did not receive the interim ROI in sufficient time to analyze it before his oral reply, (3) he did not receive the final ROI, which the deciding official relied upon to issue his decision, until after the suspension was effected, and (4) the deciding official did not have the authority to choose an alternative penalty to indefinite suspension.  PFR File, Tab 1 at 8-12.  The initial decision did not distinguish the appellant's constitutional right to procedural due process from the procedural protections provided by statute under 5 U.S.C. § 7513, and on review, it is unclear whether the appellant is alleging a violation of one or both sets of rights.[4]  ID at 4-5; PFR File, Tab 1 at 8-12.  As set forth below, the appellant's arguments are without merit under either avenue.

---

[4]  Although 5 U.S.C. § 7513 is inclusive of the due process rights independently guaranteed under the U.S. Constitution, the inquiry as to whether an agency provided due process is, in certain respects, a distinct inquiry from whether the agency has complied with the procedures set forth in section 7513.  *Buelna*, 121 M.S.P.R. 262, ¶ 15 n.6.  The right to due process is conferred by constitutional guarantee and is not subject to the harmful error test.  *Id.*; *see Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375, 1377 (Fed. Cir. 1999) (explaining that the Federal statutory employment scheme creates a property interest in continued employment but this property interest is not defined by, or conditioned on, Congress' choice of procedures for deprivation of the interest).  Conversely, the procedural protections enumerated in section 7513 are statutory, and an appellant must show that the agency committed harmful error in applying its procedures to warrant reversing an action.  *See Rawls v. U.S. Postal Service*, 94 M.S.P.R. 614, ¶¶ 22-24 (2003) (examining whether the appellant showed that the agency committed harmful error in effecting the appellant's indefinite suspension and removal under 5 U.S.C. § 7513(b)), *aff'd*, 129 F. App'x 628 (Fed. Cir. 2005); *cf. Gargiulo v. Department of Homeland Security*, 727 F.3d 1181,

¶10     The essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, with an explanation of the evidence, and an opportunity for the employee to present his account of events prior to the deprivation of his property right to continued employment. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546-48 (1985). Here, the agency provided the appellant with the minimum notice, explanation of the evidence, and opportunity to respond that due process required.

¶11     We find that the agency afforded the appellant sufficient notice and an explanation of the charges against him. In the context of an indefinite suspension stemming from the suspension of an employee's access to classified information, the only relevant factual disputes that could be raised regarding the charge are whether the position required access to classified information and whether that access was suspended. *See Buelna*, 121 M.S.P.R. 262, ¶ 23. Thus, in this context, an agency is not obligated as a matter of constitutional due process to notify the employee of the specific reasons for suspending his access to classified information. *Id.*, ¶ 25. For the purposes of due process, it is sufficient for an agency to inform the employee that his position required access to classified information and that he could no longer hold his position once he had lost access to classified information. *Id.* Here, the agency provided the appellant with this information in the notice of proposed indefinite suspension. IAF, Tab 8 at 20.

¶12     We similarly find that the appellant had an opportunity to respond to the proposed indefinite suspension prior to its imposition. Due process requires, at a minimum, that an employee being deprived of his property interest be given "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*,

---

1186 (Fed. Cir. 2013) (holding that the right to notice of the reasons for suspending an employee's access to classified information, when that is the reason for placing an employee on enforced leave pending a decision on the employee's security clearance, is not constitutional but statutorily provided by 5 U.S.C. § 7513(b)).

380 U.S. 545, 552 (1965)).  It is undisputed that the appellant had the opportunity to respond to the deciding official, both in writing and orally, before the indefinite suspension was imposed; accordingly, we conclude that the appellant had the opportunity to be heard at a meaningful time.  IAF, Tab 8 at 17, 29-55; *Buelna*, 121 M.S.P.R. 262, ¶ 21.

¶13        The opportunity to be heard in a meaningful manner in connection with an adverse action based on the suspension of access to classified information is limited to "invok[ing] the discretion of a deciding official with authority to change the outcome of the proposed action to the extent that may have been feasible." *Id.*, ¶ 28.  The appellant argues that the deciding official did not have the authority to change his decision based on the deciding official's testimony that (1) he had no other option than to suspend the appellant if he found his position required access to classified information and that access was suspended, and (2) suggested he did not read or consider all of the evidence.[5]  PFR File, Tab 1 at 9-12.  We find the appellant's assertions that the deciding official had limited authority are unsupported by the record.  The deciding official testified that he had the authority to consider other options and considered the appellant's request for relief other than indefinite suspension, but he did not consider administrative leave a good use of agency resources, and he did not find that reassignment to other duties usually worked out well.  IAF, Tab 30, Hearing Compact Disc (HCD) (testimony of the deciding official).  Due process does not demand that the deciding official consider alternatives to the proposed adverse action that are prohibited, impracticable, or outside management's purview. *Buelna*, 121 M.S.P.R. 262, ¶ 27.  Here, the record reflects that the deciding official had the authority to consider and did, in fact, consider the appellant's

---

[5] In his reply to the agency's opposition to the petition for review, the appellant asserts that he was unable to cite specifically to the hearing record because he and his representatives were unable to open the hearing compact disc.  PFR File, Tab 4 at 7-8, 11.  We have reviewed the relevant hearing testimony and do not find support for the appellant's characterization of the deciding official's testimony.

requests and alternative penalties but chose not to impose a lesser penalty. *See* HCD (testimony of the deciding official).

¶14 The appellant also argues that the deciding official's testimony that he did not know the appellant was working in a nonclassified environment for a period of time prior to the indefinite suspension and that another individual had allegedly remained in an unclassified position pending a security clearance determination as evidence that the deciding official did not read or consider the appellant's replies prior to making his decision. PFR File, Tab 1 at 11-12. Our review of the record reflects that the deciding official testified that he was not aware the appellant was placed in a nonclassified position from January to April 2016. HCD (testimony of the deciding official). Even if the appellant provided the deciding official with this information during his replies, it is not sufficient to establish that the deciding official did not consider the appellant's replies and did not have the authority to impose a different penalty. The deciding official testified that he considered all of the written documents provided by the appellant and his oral reply, and he also stated in his April 20, 2016 decision that he considered the appellant's written and oral replies. IAF, Tab 8 at 17; HCD (testimony of the deciding official). We do not find the appellant's work in a nonclassified position so material to the deciding official's consideration of the appellant's replies as to demonstrate that the deciding official did not consider the replies. Accordingly, we conclude that the appellant received an opportunity to invoke the deciding official's authority to change the outcome of the indefinite suspension and has not shown that he was denied due process.

The appellant has not established that the agency failed to provide the appellant with the procedural protections set forth in 5 U.S.C. § 7513.

¶15 Alternatively, the appellant may establish that the agency failed to provide him with the procedural protections provided under 5 U.S.C. § 7513, but he has not made such a showing. An employee cannot be deprived of his interest in continued employment without the procedural protections provided by 5 U.S.C.

§ 7513(b).[6]  *King v. Alston*, 75 F.3d 657, 661 (Fed. Cir. 1996).  The Board will reverse an indefinite suspension based on the suspension of a security clearance if the appellant shows harmful error in the application of 5 U.S.C. § 7513(b) in arriving at the decision to impose the suspension.  5 U.S.C. § 7701(c)(2)(A); *see Buelna*, 121 M.S.P.R. 262, ¶¶ 33-34; *Rawls*, 94 M.S.P.R. 614, ¶¶ 22-23.  To prove harmful procedural error, the appellant must show both that the agency committed procedural error and that the error was harmful.  *Rogers*, 122 M.S.P.R. 671, ¶ 7.  Harmful error cannot be presumed; an agency error is harmful only where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Id.*   The appellant bears the burden of proving by preponderant evidence that the agency committed harmful error in reaching its decision. 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(1).

¶16     On review, the appellant argues that the administrative judge erred in finding that the appellant received the protections afforded by 5 U.S.C. § 7513 because the notice of proposed indefinite suspension was insufficiently detailed as to the reasons for the suspension.  PFR File, Tab 1 at 8-9.  The administrative judge found that it was sufficient that the notice referenced the suspension-of-access letter, which referenced the ROI upon which the suspension

---

[6] Section 7513(b) provides:

An employee against whom an action is proposed is entitled to—

(1) at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;

(2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;

(3) be represented by an attorney or other representative; and

(4) a written decision and the specific reasons therefor at the earliest practicable date.

of access was based, and we agree. ID at 5. Under 5 U.S.C. § 7513(b)(1), an employee facing an adverse action must be notified of the specific reasons for a proposed adverse action. *Buelna*, 121 M.S.P.R. 262, ¶ 25. In the context of an indefinite suspension based on the suspension of access to classified information, section 7513(b)(1) requires that the appellant be provided sufficient information to make an informed reply, including a statement of the reasons for suspending the access. *Id.*, ¶ 34. Here, the February 4, 2016 notice of proposed indefinite suspension did not state the reasons for suspending the appellant's access to classified information; however, it stated that, "As documented by reference (c), you received a letter from the NCIS security office suspending your access to classified information pending a final adjudication of your security clearance," and referred to reference (c) as the January 20, 2016 memorandum notifying the appellant that his access to classified information had been suspended. IAF, Tab 8 at 20-22. The appellant has not disputed that he received the January 20, 2016 notice. *Id.* at 22. The January 20, 2016 notice stated that, "Per references (a) and (b), your access to classified information has been suspended," and referred to reference (b) as the ROI. *Id.* The ROI contained a narrative statement detailing the allegations leveled against the appellant upon which the investigation was based, as well as a 9-page investigative report and 19 exhibits attached to the report. IAF, Tabs 17, 18. The record reflects that the appellant's representative in the proposed 45-day suspension action received the interim ROI by October 2015, and even if the appellant did not receive the ROI at that time from his representative, he received the ROI 1 week prior to his oral reply to the proposed indefinite suspension.[7] IAF, Tab 19 at 58; HCD (testimony of the

---

[7] The appellant claimed that he did not receive the ROI prior to 1 week before his oral reply in the proposed indefinite suspension action. HCD (testimony of the appellant). However, the August 19, 2015 proposed 45-day suspension for the appellant referenced the interim ROI. IAF, Tab 16 at 38-42. The proposing official in the 45-day suspension action, who was also the proposing official in the indefinite suspension action, testified that the ROI was an enclosure to the proposal to suspend and that

appellant); PFR File, Tab 1 at 8. Thus, the February 4, 2016 notice of proposed indefinite suspension directed the appellant, via the January 20, 2016 notice suspending his access to classified information, to a statement in the ROI of the reasons for suspending his access to classified information that was sufficiently detailed for the appellant to make an informed reply. *See Buelna*, 121 M.S.P.R. 262, ¶ 34 (concluding that the notice suspending the appellant's security clearance, coupled with the notice proposing his indefinite suspension, adequately informed him of the basis for suspending his security clearance).

¶17    The appellant also argues that his receipt of the interim ROI after his written reply and 1 week prior to his oral reply to the proposed indefinite suspension provided an insufficient amount of time to analyze the interim ROI. PFR File, Tab 1 at 8-10. He does not contend that he was unable to review the ROI during that time period. Although the record reflects that the appellant's first representative received the interim ROI in October 2015, even if the appellant did not receive the ROI until 1 week before the oral reply to the proposed indefinite suspension, we nevertheless find that receipt of the interim ROI 1 week prior to the oral reply was a reasonable amount of time for the appellant to review it and make an informed reply. *See* 5 U.S.C. § 7513(b)(2) (providing for a reasonable amount of time, but no less than 7 days, to answer orally and in writing).

¶18    Finally, the appellant argues that it was error that he did not receive the final ROI until after the decision to impose the indefinite suspension was issued because the deciding official relied upon it in issuing the decision. PFR File, Tab 1 at 8. As the only information material to an agency's charge involving the suspension of access to classified information is whether the employee's position

---

although he did not personally deliver the proposal and enclosures to the appellant, he provides them to his staff to provide to the employee. HCD (testimony of the proposing official). During the appellant's October 30, 2015 oral reply to the proposed 45-day suspension, the appellant's representative acknowledged receiving the August 19, 2015 proposal and materials relied upon. IAF, Tab 19 at 58.

required access to classified information and whether that access was suspended, there is no evidence that any differences between the interim and final ROI constituted new and material information regarding the charge. *See Buelna*, 121 M.S.P.R. 262, ¶ 31. To the extent the deciding official's penalty determination was influenced by the factual basis for the underlying suspension of access to classified information, an appellant is entitled to notice of the information on which he relied; however, the appellant does not make this argument, nor does the record reflect that the deciding official considered the underlying suspension of access to classified information in his choice of penalty. IAF, Tab 8 at 17-19; HCD (testimony of the deciding official); *see Buelna*, 121 M.S.P.R. 262, ¶¶ 31-32. Accordingly, we affirm the administrative judge's findings that the appellant did not prove that the agency did not provide him with the procedural protections set forth in 5 U.S.C. § 7513(b).

The appellant has not established that the agency committed harmful procedural error in applying its regulations.

¶19    On review, the appellant argues that the administrative judge erred in ruling that referencing the ROI in the notice of proposed indefinite suspension was sufficient to satisfy agency regulation SECNAV 5510.30 § 9-2(2)(a). PFR File, Tab 1 at 15-16. He further argues that the agency violated SECNAV 5510.30 because it failed to attach the ROI to the notice of proposed indefinite suspension, and he did not receive the interim ROI until 1 week before his oral reply and did not receive the final ROI until after the suspension was effected. *Id.* at 12-14. He contends that the agency's alleged violation prevented him from responding to the agency's specific concerns, and the deciding official would likely have changed his decision had he done so. *Id.* at 13-14.

¶20    The Board will reverse an agency decision if the appellant proves harmful error in the agency's application of its procedures in arriving at such a decision. 5 U.S.C. § 7701(c)(2)(A); *Rogers*, 122 M.S.P.R. 671, ¶ 7. The agency procedure at issue, contained in SECNAV M-5510.30 § 9-7(2)(a), provides that whenever a

determination is made to suspend access to classified information, "The individual concerned must be notified of the determination **in writing** within 10 days by the commanding officer or designee, to include a brief statement of the reason(s) for the suspension action consistent with the interests of national security." SECNAV M-5510.30 § 9-7(2)(a) (2006), available at https://usna.edu/Training/_files/documents/References/3C%20MQS%20Reference s/SECNAV%20Manual%205510.30%20Personnel%20Security%20Program.pdf (emphasis in the original) (last visited on Apr. 12, 2023).[8] The appellant argues, as he did below, that the January 20, 2016 notice suspending his access to classified information did not state the reasons for the suspension action. IAF, Tab 16 at 9-10; PFR File, Tab 1 at 15-16. The administrative judge found that the notice indicated that the reason the appellant was suspended was based on the ROI. ID at 9. We agree with the administrative judge that, however brief, the January 20, 2016 notice provided a statement of the reason for suspending the appellant's access to classified information. IAF, Tab 8 at 22.

¶21    The appellant argues that referencing the document on which the suspension is based, and the agency's alleged failure to provide the document, is insufficient to meet the regulation's requirements; however, the regulation is silent as to whether such a reference is sufficient. The agency official that issued the January 20, 2016 notice testified that the January 20, 2016 notice was in compliance with the agency regulation, and the appellant has not presented any evidence to rebut the agency's interpretation of its regulation. HCD (testimony of the NCIS security manager). Where a governing statute is silent and the implementing regulations are ambiguous on the issue to be resolved, the implementing agency's interpretation of its own regulations is entitled to

---

[8] The record does not contain a copy of the regulation at issue. The agency's prehearing statement cited to an online copy of SECNAV M-5510.30 that is no longer available. IAF, Tab 20 at 5. The initial decision and petition for review incorrectly cited the quoted agency regulation as SECNAV M-5510.30 § 9-2(2)(a).

deference when it is reasonable and does not conflict with a governing statute, even if other interpretations are possible. *Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 9 (2003) (citing *Chevron*, *U.S.A.*, *Inc. v. Natural Resources Defense Council*, *Inc.*, 467 U.S. 837, 842-43 (1984), and *Wassenaar v. Office of Personnel Management*, 21 F.3d 1090, 1092 (Fed. Cir. 1994)), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005). We find that the agency's interpretation is entitled to deference, particularly in light of our decisions finding that it is sufficient for the purpose of 5 U.S.C. § 7513(b)(1) for the agency notice setting forth a proposed adverse action concerning the suspension of access to classified information to direct the appellant to another document in his possession that sets forth the specific reasons for the action at issue. *See, e.g.*, *Buelna*, 121 M.S.P.R. 262, ¶ 34. Accordingly, we do not find that the administrative judge erred in interpreting SECNAV M-5510.30 § 9-7(2)(a).

¶22    The appellant argues that the agency official that issued the January 20, 2016 notice acknowledged that the notice of suspension of access to classified information would be defective if the appellant did not have the ROI to which it referred and that the appellant did not receive the ROI; therefore, the notice was defective. HCD (testimony of the NCIS security manager); PFR File, Tab 1 at 12-13. The administrative judge did not explicitly make findings as to whether the January 20, 2016 notice would have been defective if the appellant had not received the ROI prior to or concurrently with receipt of the notice and whether the appellant possessed the ROI at the time he received the January 20, 2016 notice. ID at 9-10. As set forth above, the appellant's first representative received the interim ROI prior to the issuance of the January 20, 2016 notice. IAF, Tab 19 at 58. Even if the appellant did not receive the interim ROI from his first representative and was not in receipt of the ROI at the time he received the January 20, 2016 notice, we need not determine whether the appellant established that the agency erred in this regard because the appellant has not established that any such error would have been harmful. Even if the agency violated its

regulation, the appellant has not established that it would have led the agency to reach a different conclusion concerning the proposed indefinite suspension. *See Robinson v. Department of the Treasury*, 96 M.S.P.R. 600, ¶¶ 11-13 (2004) (holding that the appellant failed to prove harmful procedural error when she did not show that the agency's failure to comply fully with the procedural requirements of 5 U.S.C. § 7513(b) caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error), *aff'd*, 135 F. App'x 423 (Fed. Cir. 2005). The appellant claims that if he had known the specific reasons for his suspension, he "would have been able to structure his appeal to address the specific concerns of the Agency," including providing documentation to show he was fit for duty and that he had not communicated with foreign nationals or had substance abuse issues. PFR File, Tab 1 at 13-15. Even if the notice of suspension of the appellant's access to classified information required more specificity, the appellant nevertheless received the ROI, which provided the entire basis for the suspension of his access to classified information, prior to his oral reply to the proposed indefinite suspension. *Id.* at 8. Moreover, the appellant's written reply, submitted prior to the date on which he allegedly received the ROI, addressed his mental health and fitness for duty, as well as his disclosure of foreign contacts. IAF, Tab 8 at 30-41. There is no evidence that receiving a more detailed statement of the reasons for suspending the appellant's access to classified information or the ROI at an earlier time would have changed the appellant's response or the deciding official's decision regarding the charge or the penalty. We thus affirm the administrative judge's finding that the agency did not commit harmful procedural error in applying SECNAV M-5510.30 § 9-7(2)(a) to the appellant.

<u>The appellant has not established that the administrative judge erred in finding agency witnesses credible.</u>

¶23        On review, the appellant argues that the administrative judge erred in finding agency witness testimony credible. PFR File, Tab 1 at 14-15.

Specifically, the appellant appears to argue that (1) the administrative judge should not have found the testimony of the agency officials that suspended the appellant's access to classified information and proposed the indefinite suspension credible because they did not know that the appellant never received the ROI, (2) the administrative judge should not have found the deciding official's testimony credible because the testimony suggested that he did not know material information before making his decision, and (3) the administrative judge did not take into account testimony that if the appellant did not receive the ROI, then the notice of indefinite suspension would have been defective. *Id.*

¶24        The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the Board may decline to defer to an administrative judge's credibility findings that are abbreviated, based on improper considerations, or unsupported by the record, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 13 (2001), it may not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016) (quoting *Haebe*, 288 F.3d at 1299). Although the administrative judge did not make detailed credibility findings, our review of the relevant testimony reflects that his findings are supported by the record. Although neither the proposing official in the proposed indefinite suspension nor the proposing official in the suspension of the appellant's access to classified information directly delivered the ROI, both testified that, to their knowledge, the appellant had received the ROI and provided the basis of that knowledge. HCD (testimony of the proposing official, testimony of the NCIS security officer). For example, the official who proposed the appellant's indefinite suspension testified that he provided the ROI to his staff, who had an obligation to provide it to the appellant, and the official who suspended the appellant's access to classified information

testified that another official briefed him that the ROI was part of the disciplinary action. HCD (testimony of the proposing official, testimony of the NCIS security officer). The appellant has not disputed the veracity of the agency officials' testimony regarding the basis of their belief that the appellant received the ROI and has thus not provided a valid challenge to their credibility. We have addressed above the appellant's other two assertions regarding the testimony of the deciding official and the testimony regarding the deficiencies in the notice suspending the appellant's access to classified information and find them without merit. Accordingly, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
_____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.